IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON ALBERT RAZEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1298 |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

AND NOW, this 23rd day of September, 2024, upon consideration of Defendant's

Motion for Summary Judgment (Doc. No. 15) filed in the above-captioned matter on December

7, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

9) filed in the above-captioned matter on October 17, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN

PART.   Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the

Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and

denied in all other respects.   Accordingly, this matter is hereby remanded to the Commissioner

for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.      **Background**

Plaintiff Leon Albert Razey protectively filed a claim for disability insurance benefits

under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, effective March 20,

---

[1]      Martin O'Malley is substituted as the defendant in this matter, replacing former Acting
Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C.
§ 405(g).

2018, claiming that he became disabled on September 16, 2015 due to a back injury, head trauma, broken bones, depression, anxiety, and nerve damage.  (R. 12, 123-29, 150).  After being denied initially on August 20, 2018, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on November 5, 2019.  (R. 12, 70-74, 77-78, 27-55).  In a decision dated December 12, 2019, the ALJ denied Plaintiff's request for benefits.  (R. 12-22).  Significantly, Plaintiff was considered to be a younger individual, pursuant to 20 C.F.R. § 404.1563, and the ALJ's decision restricted Plaintiff to a limited range of sedentary work.  (R. 17, 20).  On October 6, 2020, the Appeals Council declined to review the decision.  (R. 1-3).

Plaintiff filed an action in federal court at Civil No. 20-1798, and, on August 3, 2021, the Honorable Donetta Ambrose granted the Commissioner's Motion to Remand and remanded the matter "for further administrative action."  (R. 649).  On December 10, 2021, the Appeals Council vacated the December 12, 2019 decision and remanded the matter, stating that "[f]urther development of the medical record is necessary to determine whether the claimant requires the use of a portable oxygen supply."  (R. 655).  Upon remand, the matter was assigned to a different ALJ, who held a telephonic hearing on June 23, 2022.  (R. 561, 584-619).  On August 17, 2022, the new ALJ issued a decision denying Plaintiff's claim for benefits.  (R. 561-76).  Of note, this decision restricted Plaintiff to a limited range of light work and noted that, as of June 2, 2021, Plaintiff changed age categories from younger individual to person closely approaching advanced age pursuant to Section 404.1563.  (R. 568, 575).  On May 31, 2023, the Appeals Council declined to assume jurisdiction (R. 520-24), and Plaintiff filed a new appeal with this Court.  The parties have filed cross-motions for summary judgment, and the case is now ripe for adjudication.

**II.      Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of

the record, and the scope of that review is limited to determining whether the Commissioner

applied the correct legal standards and whether the record, as a whole, contains substantial

evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v.*

*Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of

Social Security as to any fact, if supported by substantial evidence, shall be conclusive'"

(quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)

(stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of

fact to determine whether they are supported by substantial evidence).  If the district court finds

this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399

F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by

substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft*

*v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806

F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186

F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  It

means "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "'single piece

of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to

resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d

Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence

substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g.,

that offered by treating physicians) – or if it really constitutes not evidence but mere

conclusion.'"  *Id.*  So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06.  Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason."  *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period.  *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'"  *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act.  *See* 20 C.F.R. § 404.1520.  At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity.  *See id.* at § 404.1520(a)(4)(i).  If so, the disability claim will be denied.  *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities."  *Id.* at § 404.1522.  If the claimant fails to

show that his or her impairments are "severe," he or she is ineligible for disability benefits.  If

the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and

determine whether the claimant's impairment meets or equals the criteria for a listed impairment.

*See id.* at § 404.1520(a)(4)(iii).  If a claimant meets a listing, a finding of disability is

automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps

Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional

capacity ("RFC").  A claimant's RFC is defined as the most that an individual is still able to do

despite the limitations caused by his or her impairments.  *See Fargnoli*, 247 F.3d at 40; 20 C.F.R.

§ 404.1545(a).  At Step Four, it is the claimant's burden of demonstrating an inability to perform

his or her past relevant work.  *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).  If the ALJ

determines that the claimant lacks the RFC to resume his or her former occupation, the

evaluation then moves to the fifth and final step.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate

that the claimant is capable of performing other available work in the national economy in order

to deny a claim of disability.  *See id.* at § 404.1520(a)(4)(v).  In making this determination, the

ALJ must consider the claimant's RFC, age, education, and past work experience.  *See id.*  The

ALJ must further analyze the cumulative effect of all the claimant's impairments in determining

whether he or she is capable of performing work and is not disabled.  *See id.* at § 404.1523.

## III.    The ALJ's Decision

In her August 17, 2022, decision, the ALJ found that Plaintiff met the insured

requirements of the Act through September 30, 2021, ***after*** Plaintiff reached age 50.  (R. 563).

She then proceeded to apply the sequential evaluation process, finding that Plaintiff had not been

engaged in substantial gainful activity since the alleged onset date of September 16, 2015.  (R.

563-64).  The ALJ also found that Plaintiff met the second requirement of the process insofar as

he had several severe impairments, including obstructive sleep apnea, chronic obstructive

pulmonary disease, degenerative joint disease, obesity, and degenerative disease of the spine.

(R. 564).  However, she found that some of Plaintiff's alleged impairments did not qualify as

severe impairments, included several – such as borderline intellectual functioning, depression,

anxiety, and substance abuse disorder – that the prior ALJ had found to be severe.   (R. 14, 564-

67).  The ALJ concluded that none of Plaintiff's impairments met any of the listings that would

satisfy Step Three.  (R. 567-68).

The ALJ found that Plaintiff retained the RFC to perform light work with a number of

non-exertional limitations.  (R. 568).  As noted, this deviated from the prior ALJ's vacated

decision that limited Plaintiff to a range of sedentary work.  (R. 17).  At Step Four of the process,

the ALJ used a vocational expert ("VE") to find that Plaintiff was unable to perform his past

relevant work.  (R. 575).  She proceeded to determine, at Step Five, whether there were jobs in

the national economy that Plaintiff could perform.  (R. 575-76).  As noted, in so doing she

acknowledged that Plaintiff had changed age categories as of her 50th birthday on June 2, 2021.

(R. 575).  The VE testified that, based on Plaintiff's age, education, work experience, and RFC,

Plaintiff could perform a significant number of jobs in the national economy, including the

representative occupations of router, private mail clerk, and marker.  (R. 576, 613).

Accordingly, the ALJ found that Plaintiff was not disabled.  (R. 576).

IV.    **Legal Analysis**

Plaintiff argues that the ALJ here erred in determining his severe impairments and his

RFC, asserting that she was bound by the prior ALJ's findings, including his finding that

Plaintiff was limited to a range of sedentary work.  Plaintiff further argues that the ALJ improperly retroactively applied a newer version of the regulations in evaluating whether his conditions met or equaled a listing at Step Three of the sequential analysis.  While the Court disagrees with Plaintiff's second argument, it does find that remand is warranted based on his first claim.  Accordingly, the Court will remand this case for further consideration of this issue consistent with this order.

The first ALJ in this case determined that Plaintiff's RFC was limited to a range of sedentary work.  At the time of that decision, Plaintiff was considered to be a younger person, and therefore, the medical-vocational guideline section of the regulations (commonly referred to as the "grids"), 20 C.F.R., pt. 404, subpt. P, app. 2, would have directed that Plaintiff was not disabled assuming he had the RFC to perform a full range of sedentary work.  (R. 21).  Because the RFC formulated by the first ALJ, though, did not permit Plaintiff to perform a full range of such work, he utilized a VE to determine if there was substantial work Plaintiff could perform, finding that there was.  (*Id.*).  As discussed, the matter was appealed and ultimately remanded for further consideration, particular on the issue of whether Plaintiff requires the use of a portable oxygen supply.  (R. 655).  The second ALJ determined that Plaintiff's need for daytime oxygen postdated his date last insured but concluded nonetheless that Plaintiff was capable of performing a limited range of light, rather than sedentary, work.  (R. 568).  This change proved to be significant; because Plaintiff had turned 50 and was therefore a person closely approaching advanced age, a limitation to sedentary work may have led to a finding of disabled under the grids, depending on transferability of job skills.  A limitation to light work, however, continued to dictate a finding of not disabled.

It is in this context that Plaintiff's argument must be considered.  As noted, Plaintiff

contends that the second ALJ, on remand, was bound by the earlier findings regarding his RFC

except in regard to his use of oxygen.[2]  The Court actually disagrees with this position.  Judge

Ambrose, in fact, addressed this very situation in *Naccarato v. Kijakazi*, No. CV 21-20, 2022

WL 280943 (W.D. Pa. Jan. 31, 2022), where she held, under very similar facts, that the doctrines

of *res judicata*, *collateral estoppel*, and/or law of the case are "inapplicable 'where the ALJ's

opinion which constituted the final decision of the Commissioner was vacated and the district

court did not make a finding on this issue.'"  *Id.* at *1 (quoting *Durst v. Saul*, Civ. No. 19-2101,

2020 WL 5501201, at *4 (E.D. Pa. Sept. 11, 2020)).  Likewise, in *Feeney v. Berryhill*, No. 15-

CV-3838, 2017 WL 2544587 (E.D. Pa. June 13, 2017), Judge Legrome Davis of the Eastern

District of Pennsylvania stated, "When a case is remanded to a new ALJ by the Appeals Council,

the second ALJ is not bound by the first ALJ's decision, particularly where the second ALJ hears

additional evidence."  *Id.* at *4.  Indeed, this is consistent with the Third Circuit's general

approach to these issues.  *See Carter v. Barnhart*, 133 Fed. Appx. 33, 35 (3d Cir. 2005).

However, this does not end the discussion.  As this and other courts have explained, the

prior ALJ's decision is still part of the record.  *See Krokus v. Colvin*, No. CIV.A. 13-389, 2014

WL 31360, at *1 n.1 (W.D. Pa. Jan. 2, 2014); *Babyak v. Berryhill*, 385 F. Supp. 3d 426, 430

(W.D. Pa. 2019).  As such, although not bound by the findings in such a decision, a subsequent

ALJ is still required to consider them in making his or her findings on remand.  As with any

---

[2]      Because Plaintiff's claim was not denied at Step Two, the differences between the two
ALJs' findings as to which of Plaintiff's impairment were severe is not relevant.  *See Salles v.
Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007).  What matters is Plaintiff's
RFC.  That said, the RFC on remand contained no mental restrictions that would account for
Plaintiff's borderline intellectual functioning, depression, anxiety, and/or substance abuse
disorder, whereas the first decision (which found those impairments to be severe) contained a
plethora of mental functional limitations.  On remand, the ALJ should address this difference in
determining the proper restrictions to be included in the RFC.

record evidence, an ALJ must "give some indication of the evidence which [she] rejects and

[her] reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d

112, 121 (3d Cir. 2000) (citing *Plummer*, 186 F.3d at 429).

While *Krokus* and *Babyak* dealt with a slightly different issue, they are still instructive

here. Those cases addressed the issue of whether a subsequent ALJ was bound by or needed to

consider the unvacated findings of an earlier ALJ for an earlier time period. The rationale is the

same here; though vacated, the earlier ALJ's decision is part of the record and cannot be

disregarded all together. *See Krokus*, 2014 WL 31360, at *1 n.1 ("The earlier findings are

relevant, of course, but lack preclusive effect."); *Babyak*, 385 F. Supp. 3d at 430 ("Although the

ALJ was not bound by the prior RFC determination, the earlier findings are relevant. In making

an RFC assessment, the Third Circuit court instructs the ALJ to consider all evidence before

him.") (citations omitted). This is particularly true here given that the primary issue on remand

was Plaintiff's need for oxygen, an issue that would not be expected to produce an RFC with a

less restrictive exertion level absent some specific new evidence.

All of this leads to the elephant in the room. With Plaintiff's change of age categories, a

finding that he was limited to sedentary work on remand may have directed a finding of

disability. The difference in the separate ALJ's RFC findings was therefore potentially outcome

determinative. Given the significance of this issue, and the somewhat limited scope of the

Appeals Council's remand, it was necessary for the ALJ to discuss this difference and why the

different findings were supported by substantial evidence. The second ALJ's decision here,

thorough as it was, did not address the fact that Plaintiff had previously been found to be limited

to sedentary work. She may not have been bound by that finding, but that does not mean that

this crucial difference did not warrant any discussion.  Again, the vacated decision was part of the record; the ALJ was required to consider it.  Hence the need for remand.

This remand need not account for Plaintiff's second argument or involve application of the prior version of the listings at Step Three.  Plaintiff contends that the listings in effect at the time of his application – specifically musculoskeletal listings 1.02 and 1.04 – should continue to govern his case despite the fact that the musculoskeletal listings were amended, resulting in these listings being replaced with new listings 1.15 and 1.18, effective April 2, 2021.  *See* 85 F.R. 78164-01 (Dec. 3, 2020).  He asserts that the second ALJ's application of these new listings was impermissibly retroactive.[3]  However, courts, including this one, have largely rejected this argument, *see Green v. Kijakazi*, No. 22-87-E, 2023 WL 567739 (W.D. Pa. Aug. 31, 2023), and the Court does so again here.

For example, in *Cox v. Kijakazi*, 77 F.4th 983 (D.C. Cir. 2023), the appellate court reversed the district court's decision that the version of Listing 12.05 in effect at the time the claimant filed her claim must be applied in her case, instead holding that application of the amended version of Listing 12.05 to the claimant's pending claim was not retroactive.  *See id.* at 985-86.  In so doing, it acknowledged that Congress had not granted the SSA the power to enact rules that are retroactive in effect, so the court went on to analyze the factors for determining whether a law or regulation would have retroactive effect set forth in *Landgraf v. USI Film Prod.*, 511 U.S. 244 (1994).  The court in *Cox* held that the application of the new version of the listings did not impair the claimant's vested rights (*i.e.*, rights already possessed when she filed the claim), did not impose any new duty or obligation, and did not deny the claimant fair notice, disrupt reasonable reliance, or impair settled expectations.  *See* 77 F.4th at 990-93.  The court emphasized that the claimant's "filing of her application for SSI benefits itself did not vest her

___

3       The first ALJ considered Plaintiff's conditions under Listings 1.02 and 1.04.  (R. 15).

with any legal right to have her claim decided under the 2014 Listings, as opposed to the 2017

Listings." *Id.* at 991.  The court further observed:

> The Social Security Act does not provide claimants with the right to
> have their claims adjudicated under any particular Listings or similar
> regulatory interpretation upon application. Rather, the statute and
> implementing regulations simply instruct the Administration to
> award benefits only to claimants it finds to be disabled.

*Id.*  It also noted that a change in the listing was not dispositive of the claimant's case, since the

listings merely "operate as a presumption of disability that makes further inquiry unnecessary,"

and that she could still establish that she was disabled without invoking the listing.  *Id.* at 992.

    While the D.C. Circuit Court's decision is not binding on this Court, the Court finds the

rationale compelling.  As the D.C. Circuit explained, Plaintiff had no vested right to proceed

under any specific version of the listings, the new listings imposed no new burdens or obligations

on her, and she was not deprived fair notice and cannot be said to have "relied" on Listings 1.02

or 1.04 in any meaningful way.  The Court therefore agrees that application of Listings 1.15 and

1.18 was not retroactive.  In so doing, this Court also agrees with the other circuit courts that

have found similarly.  *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640 (6th Cir. 2006);

*McCavitt v. Kijakazi*, 6 F.4th 692 (7th Cir. 2021); *Jones v. O'Malley*, 107 F.4th 489, 494-97 (5th

Cir. 2024).  The Court further notes that this is consistent with the language in the *Revised*

*Medical Criteria for Evaluating Musculoskeletal Disorders* providing:

> As we noted in the dates section of this preamble, these final rules
> will be effective on April 2, 2021.  We delayed the effective date
> of the rules to give us time to update our systems, and to provide
> training and guidance to all of our adjudicators before we
> implement the final rules.  The current rules will continue to apply
> until the effective date of these final rules.  When the final rules
> become effective, we will apply them to new applications filed on
> or after the effective date of the rules, and to claims that are
> pending on or after the effective date.

85 F.R. 78164-01.  This language clearly states that the new listings will apply to claims pending after the effective date.  Footnote 2 to this provision expressly states that  "[i]f a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand."  That is what occurred here.[4]

Therefore, the remand here is limited to a consideration of the earlier ALJ findings in the record (including those contained in the August 17, 2022 decision) in determining Plaintiff's severe impairments, his RFC, and ultimately whether he is disabled.  The Court again emphasizes that these earlier ALJ findings have no preclusive effect, but given the significance that subtle changes in those findings could have on the outcome of this case, they must be considered as part of the context of the record as a whole.  Accordingly, remand is necessary.[5]

## V.      Conclusion

In short, the record does not permit the Court to determine whether the ALJ's decision is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:            Counsel of record

---

[4]      The Court further notes that, in any event, Plaintiff offers no argument as to how or why his conditions would have met or equaled the prior listings even if they had applied.

[5]      Because it is the need for additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).